## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-_____

LYNDSEY LYLES,

Plaintiff,

v.

AUTOSAVVY OF DRAPER LLC

Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as well as D.C.COLO.LCivR.81.1, Defendant AutoSavvy of Draper LLC ("AutoSavvy") respectfully removes this civil action from the District Court for Denver County, Colorado to the United States District Court for the District of Colorado. As grounds for removal, AutoSavvy states as follows:

**A.    The Removed Case.**

1.    On or about January 19, 2026, Plaintiff Lindsey Lyles ("Plaintiff") filed a civil action against AutoSavvy, LLC, a Colorado limited liability company, in the District Court for Denver County, Colorado, which was originally styled as *Lindsey Lyles v. AutoSavvy*, Case Number 2026CV30215 (the "State Action"). *See* **Exhibit B**, Compl.

2.    On or about February 11, 2026, Plaintiff filed her First Amended Complaint and Jury Demand in the State Action, correcting the named defendant to AutoSavvy, a Utah limited liability company (the "First Amended Complaint"). *See* **Exhibit G**, First Am. Compl.

4904-3407-6829

3.      In the First Amended Complaint, Plaintiff alleges she purchased a used automobile from AutoSavvy on or about June 3, 2025 (the "Purchase"). First Am. Compl., ¶¶ 23-26.

4.      Plaintiff alleges that she purchased a certain 2024 Toyota Camry, VIN 4T1G11BK1RU112419 from AutoSavvy through the Purchase (the "Subject Vehicle"). *Id.*, ¶¶ 16, 26.

5.      The Subject Vehicle was sold by AutoSavvy as a repaired used vehicle that had previously been in a collision. *Id.*, ¶¶ 17, 24-25. Plaintiff received information from AutoSavvy regarding the repairs performed on the Subject Vehicle prior to the Purchase. *Id.*, ¶¶ 24-25.

6.      In the Purchase, Plaintiff paid approximately $25,700 for the Subject Vehicle, as well as approximately $2,400 for a ValueMax warranty. *Id.*, ¶¶ 26-28.

7.      Plaintiff alleges that AutoSavvy advertises its business to consumers as acquiring vehicles declared total losses by insurance companies, repairing these vehicles, and then providing such repaired, "salvage" vehicles to consumers. *Id.*, ¶¶ 5-6, 12-14. Plaintiff further asserts the Subject Vehicle was advertised and sold to Plaintiff as such a repaired salvage vehicle. *Id.*, ¶¶ 16-19, 23-25.

8.      Plaintiff then alleges that, following the Purchase, Plaintiff began to experience multiple concerns with the Subject Vehicle. *Id.*, ¶¶ 30-31.

9.      Plaintiff alleges that she had the Subject Vehicle inspected and evaluated for the issues she claims occurred with the Subject Vehicle. *Id.*, ¶¶ 31-43.

10.     Plaintiff claims that AutoSavvy failed to perform the obligations it promised under the warranty provided at the Purchase in responding to Plaintiff's complaints about the Subject Vehicle. *Id.*, ¶¶ 31-43.

2

11.    The First Amended Complaint includes claims against AutoSavvy for (1) common law fraudulent misrepresentation; (2) violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.* ("CCPA"); (3) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"); and (4) violation of the Utah Consumer Sales Practices Act, Utah Code Ann. § 13-11-1 *et seq.* ("UCSPA"). *Id.*, ¶¶ 51-84. Plaintiff seeks "actual damages, punitive damages, consequential damages, costs, and reasonable attorney's fees pursuant to Utah Code Annotated § 13-11-19." *Id.*, p. 11 (Unnumbered paragraph beginning "WHEREFORE").

12.    Pursuant to 28 U.S.C. § 1446(a), a complete copy of the file from the State Action is attached hereto. Specifically, a current docket sheet from the State Action is attached as **Exhibit A**. Copies of all process, pleadings, and orders in the State Action are attached as **Exhibits B-H**, respectively. No other documents have been filed or issued in the State Action to date.

13.    Pursuant to D.C.COLO.LCivR.81.1(b) and (c), AutoSavvy states that there are no pending motions or petitions in the State Action to be filed separately, and there are no pending hearings in the State Action.

**B.    The Removal is Timely.**

14.    Plaintiff served AutoSavvy in Utah with the summons and a copy of the First Amended Complaint in the State Action on March 12, 2026.

15.    Therefore, this Notice of Removal is timely filed because it is filed within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-56 (1999) (holding that that the deadline for removal does not begin to run until the defendant receives

3

formal service of a summons and complaint); *Jenkins v. MTGLQ Inv'rs*, 218 Fed. Appx. 719, 724 (10th Cir. 2007); *Alpine Bank v. Hubbell*, No. 05-CV-00026-EWN-PAC, 2005 WL 8172199, at *2 (D. Colo. Aug. 5, 2005) ("Pursuant to *Murphy*, the statutory period [for removal] began when Defendants received a copy of the complaint, after being properly served.").

**C.      The Procedural Requirements for Removal Are Satisfied.**

16.      This Notice of Removal is properly before this Court pursuant to 28 U.S.C. § 1446(a).

17.      AutoSavvy—the party seeking removal—is the sole defendant in this action.

18.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[], may be removed by the defendant … to the district of the United States for the district and division embracing the place where such action is pending."

19.      The United States District Court for the District of Colorado is the proper division to which this matter should be assigned because it is the United States District Court embracing the District Court of Denver County, Colorado, where Plaintiff initiated the State Action. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 85 ("Colorado constitutes one judicial district.").

20.      Promptly after filing this Notice of Removal, AutoSavvy will provide written notice of the removal to Plaintiff and the Clerk of the District Court for Denver County, Colorado, as required by 28 U.S.C. § 1446(d); *see also* Fed. R. Civ. P. 5(b).

**D.      This Court Has Subject Matter Jurisdiction.**

21.      AutoSavvy's basis for removal of the State Action is diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

4

22.     To meet the jurisdictional requirements for removal under 28 U.S.C. § 1441, AutoSavvy must establish complete diversity of citizenship and that the amount in controversy exceeds the jurisdictional limit of $75,000. *See* 28 U.S.C. § 1441; *see also* 28 U.S.C. § 1332.

23.     Plaintiff is a citizen of Colorado.

24.     "For diversity purposes, a limited liability company 'takes the citizenship of all its members.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018) (*quoting Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)).

25.     AutoSavvy is a Utah limited liability company, whose only member is AutoSavvy Holdings Inc., a Delaware corporation. *See* **Exhibit I,** State of Utah, Division of Corporations and Commercial Code, Business Entity Information Reports, pp. 1-3 (AutoSavvy).

26.     "[W]hen evaluating diversity jurisdiction, a corporation is considered domiciled where it is incorporated and where it has its principal place of business." *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013) (internal quotation omitted); 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen of its state of incorporation and of its principal place of business).

27.     From the time Plaintiff filed the State Action, AutoSavvy Holdings Inc. has been incorporated in the state of Delaware and has had its principal place of business in Utah. *See* Ex. I, pp. 3-6 (AutoSavvy Holdings Inc.). AutoSavvy Holdings Inc. is therefore a citizen of Delaware and Utah for the purposes of establishing jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

28.     As the members of AutoSavvy are citizens of Delaware and Utah, AutoSavvy is deemed a citizen of Delaware and Utah. *See Siloam Springs*, 781 F.3d at 1237-38 ("Supreme Court

5

precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *see also Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1009 (10th Cir. 2025) ("If any member of an unincorporated entity is itself an unincorporated entity, then the plaintiff must identify that unincorporated entity's members and those members' citizenship, tracing 'through however many layers' necessary to reach either a corporation or a natural person.") (quoting *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021)).

29.     Because Plaintiff is a citizen of Colorado and AutoSavvy is a citizen of Delaware and Utah, complete diversity of citizenship exists. 28 U.S.C. § 1332(a)(1).

30.     In addition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

31.     When Plaintiff began the State Court Action, she noted in the Civil Cover Sheet that Plaintiff is seeking a monetary judgment for more than $100,000 against AutoSavvy. *See* Ex. D.

32.     "The Tenth Circuit has held that a Colorado civil cover sheet is adequate notice of the amount in controversy sought by plaintiff." *Stazick v. State Farm Mut. Auto. Ins. Co.*, 18-CV-03357-PAB, 2019 WL 494376, *1 (D. Colo. Feb. 8, 2019) (*citing Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016)).

33.     Furthermore, the First Amended Complaint contains allegations that Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and attorneys fees. Ex. G (unnumbered paragraphs following ¶¶ 57, 65, 78, 84). Plaintiff alleges that she paid AutoSavvy at least $25,700 for the Subject Vehicle. *Id.* ¶ 26. Plaintiff further alleges she is entitled to treble

6

damages under her claim for violation of the CCPA. *Id.*, at unnumbered paragraph after ¶ 65 (citing C.R.S. § 6-1-113(2)). Thus, the First Amended Complaint asserts a claim seeking statutory damages of $77,100, an amount above the threshold amount required for jurisdiction. *Id.*; *see Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (a district court may consider potential punitive damages in determining whether the jurisdictional amount has been met).

34.    Finally, Plaintiff asserts that, under her statutory claims for violations of the CCPA, the MMWA, and the UCSPA, she should receive costs as well as attorneys' fees, amounts which may be included in a calculation of the amount in controversy for purposes of diversity jurisdiction. Ex. G, at unnumbered paragraphs following ¶¶ 57, 65, 78, 84; *see Miera*, 143 F.3d at 1340 ("when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.").

35.    Therefore, Plaintiff's First Amended Complaint demonstrates that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

36.    Based on Plaintiff's First Amended Complaint and the information provided in this Notice of Removal, AutoSavvy has satisfied all of the necessary requirements for removal under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023) ("To assess jurisdiction at the time of removal, a

4904-3407-6829

district court may rely on the allegations in the complaint and the information provided in the notice of removal.").

37.     AutoSavvy is not a citizen of Colorado and therefore it has the ability to remove the State Court Action to the District of Colorado. *See* 28 U.S.C. 1332(b)(2).

WHEREFORE, AutoSavvy removes the State Action from the District Court for Denver County, Colorado to the United States District Court for the District of Colorado.


DATED:  April 10, 2026.

*s/James Snow*
James Kilroy
James Snow
SNELL & WILMER L.L.P.
675 15th Street, Suite 2500
Denver, Colorado 80202
Telephone:  (303) 634-2000
Facsimile:  (303) 634-2020


***Attorneys for Defendant AutoSavvy of Draper LLC***

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was electronically filed via CM/ECF and on the following:

Matthew R. Osborne
Ashlie Franz
Trent Wallace
RAMOS LAW
10190 Bannock St., Suite 200
Northglenn, Colorado 80260
Telephone: (303) 733-6353
Email: mosborne@ramoslaw.com
Email: afranz@ramoslaw.com
Email: twallace@ramoslaw.com

*Counsel for Plaintiff Lindsey Lyles*

<u>s/Phil Jett</u>
for Snell & Wilmer L.L.P.

4904-3407-6829